**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

|  |  |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, | Case No. 7:25-cv-264-DC-DTG |
| *Plaintiff*, | JURY TRIAL DEMANDED |
| v. |  |
| MVT SERVICES, LLC d/b/a MESILLA VALLEY TRANSPORTATION, |  |
| *Defendant*. |  |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I.    NO CLAIM CONSTRUCTION DISPUTE PRECLUDES DISMISSAL....................2

II.   FCS'S EXPERT DECLARATION DOES NOT PRECLUDE DISMISSAL ..............3

III.  THE '581 PATENT DOES NOT SOLVE TECHNICAL PROBLEMS WITH
      SPECIFIC TECHNICAL SOLUTIONS .......................................................................6

IV.   THE CLAIMS OF THE '581 PATENT ARE DIRECTED TO  ABSTRACT
      IDEAS ....................................................................................................................7

V.    THE CLAIMS OF THE '581 PATENT LACK AN INVENTIVE CONCEPT .........8

VI.   FCS FAILS TO MEET ITS BURDEN ON REPRESENTATIVENESS...................10

VII.  CONCLUSION .................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
728 F.3d 1336 (Fed. Cir. 2013)..................................................................................................9

*Appistry, Inc. v. Amazon.com, Inc.*,
195 F. Supp. 3d 1176 (W.D. Wash. 2016) ...............................................................................4

*Beteiro, LLC v. DraftKings Inc.*,
104 F.4th 1360 (Fed. Cir. 2024)................................................................................................8

*Bluebonnet Internet Media Services, LLC v. Pandora Media, LLC*,
2024 WL 1338940 (Fed. Cir. 2024)...........................................................................................9

*Bros. v. Saag*,
No. 4:13-CV-466, 2014 WL 838890 (N.D. Ala. Mar. 4, 2014) ...............................................6

*Credit Acceptance Corp. v. Westlake Servs.*,
859 F.3d 1044 (Fed. Cir. 2017)..................................................................................................6

*DDR Holdings, LLC v. Hotels.com, L.P.*,
773 F.3d 1245 (Fed. Cir. 2014)..................................................................................................7

*eDekka v. 3balls.com, Inc.*,
No. 2:15-CV-541, 2015 WL 5579840 (E.D. Tex. 2015) ..........................................................3

*Elec. Power Grp., LLC v. Alstom S.A.*,
830 F.3d 1350 (Fed. Cir. 2016)............................................................................................8, 10

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016)..................................................................................................7

*Fin. Acquisition Partners LP v. Blackwell*,
440 F.3d 278 (5th Cir. 2006) .....................................................................................................5

*Fleet Connect Solutions LLC v. GPS Insight Inc.*,
No. CV-24-02894, Dkt. No. 71 (D. Ariz. June 30, 2025) .....................................................1, 5

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
837 F.3d 1299 (Fed. Cir. 2016)..................................................................................................7

*Mobile Acuity Ltd. v. Blippar Ltd.*,
110 F.4th 1280 (Fed. Cir. 2024)...............................................................................................10

*OIP Techs. Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015)........................................................................................9

*People.ai, Inc. v. Clari Inc.*,
  No. 2022-1364, 2023 WL 2820794 (Fed. Cir. Apr. 7, 2023) ...................................6

*Power Analytics Corp. v. Operation Tech., Inc.*
  No. 16-CV-01955, 2017 WL 5468179 (C.D. Cal. July 13, 2017) ...........................8

*Recentive Analytics, Inc. v. Fox Corp.*,
  134 F.4th 1205 (Fed. Cir. 2025).......................................................................................10

*Rose v. Bartle*,
  871 F.2d 331 (3d Cir. 1989) .............................................................................................6

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
  65 F.4th 698 (Fed. Cir. 2023) ..........................................................................................2

*Simio, LLC v. FlexSim Software Prods., Inc.*,
  983 F.3d 1353 (Fed. Cir. 2020).........................................................................................8

*Smith v. Hogan*,
  794 F.3d 249 (2d Cir. 2015) .............................................................................................6

*Spellacy v. Wells Fargo Bank, N.A.*,
  2021 WL 7285997 (C.D. Cal. 2021).................................................................................3

*Trading Techs. Int'l, Inc. v. IBG LLC*,
  921 F.3d 1084 (Fed. Cir. 2019).........................................................................................7

*Trinity Info Media, LLC v. Covalent, Inc.*,
  72 F.4th 1355 (Fed. Cir. 2023) ...................................................................................1, 7

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017)................................................................................ 1, 8, 9

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ............................................................................................5

*Voip-Pal.Com, Inc. v. Apple Inc.*,
  411 F. Supp. 3d 926 (N.D. Cal. 2019)..............................................................................3

**Other Authorities**

Fed. R. Civ. P. 10(c)...........................................................................................................4, 5, 6

Fed. R. Civ. P. 12 ...............................................................................................................1, 5, 6

iii

FCS's Opposition (Dkt. No. 22 ("Opp.")) confirms the claims are not directed to a specific technical solution that improves the functioning of a computer but instead to using computer components to carry out long-standing human practices.  Such claims are not patent-eligible.

Contrary to FCS's claim that § 101 motions are "a danger," the Federal Circuit endorses and routinely affirms dismissals under Rule 12 on § 101 grounds—the real "danger" here is the needless waste of judicial and party resources by not weeding out facially ineligible patents.  The Federal Circuit has described § 101 as a threshold inquiry that does not require claim construction or fact discovery.  *See e.g., Trinity Info Media, LLC v. Covalent, Inc*., 72 F.4th 1355, 1360 (Fed. Cir. 2023) ("We have repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced.") (internal quotation omitted).  And for purposes of the instant § 101 analysis, the Court can apply FCS's proffered claim constructions, which confirm the ineligibility of the claims.  *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017) (claims directed to abstract idea where "[Plaintiff]'s proposed constructions do not change this outcome.").  FCS identifies no construction or corresponding structure in the specification that is even arguably unconventional or non-generic or changes the outcome.

With the weight of Federal Circuit precedent against it, FCS asks this Court to disregard binding precedent and instead rely on portions of a decision out of the District of Arizona addressing the challenged '581 patent.  *See Fleet Connect Solutions LLC v. GPS Insight Inc.*, No. CV-24-02894, Dkt. No. 71 (D. Ariz. June 30, 2025); Dkt. No. 22-2.  But FCS ignores that the logic of that out-of-district case does not apply here in view of FCS's own claim construction proposal.  Further, FCS ignores that its interpretation of the case—suggesting that means-plus-function

claims cannot be disposed of under § 101 on a motion to dismiss due to claim construction issues—

is contrary to Federal Circuit precedent on the interplay of § 101 and claim construction.

FCS also argues that an expert declaration attached to its complaint, containing conclusory

opinions parroting claim language and legal standards and contending that the claims contain an

inventive concept, precludes dismissal. Not so. FCS has no rebuttal to MVT's citation to decisions

by other courts that rejected the same expert declaration strategy that FCS attempts to redeploy

here, and FCS does not attempt to explain why this case should be treated differently.

## I.    NO CLAIM CONSTRUCTION DISPUTE PRECLUDES DISMISSAL

Claim construction is not an impediment to resolving this § 101 challenge because FCS's

proposed claim constructions confirm the claims of the '581 patent are directed to an abstract idea

without an inventive concept. *See* Dkt. No. 22-1. FCS alleges that the means-plus-function claims

of the '581 patent "contain specific and substantial limitations, and the specification provides the

corresponding structures to these limitations." Opp. 13. But FCS's proposed constructions

themselves belie this point. *See* Dkt. No. 22-1 at 1–2. Rather, they merely point to structures that

the '581 patent itself acknowledges were well-known and conventional, including: a "handheld

device," a "processor," a "PDA," and "GPS hardware and software." *Id.* The proposed

constructions also point to an "executing algorithm (Fig. 13) for determining location and

communication via wireless modem (Fig. 4[40]) and/or cellular wireless transmitters," but neither

the claims nor the specification provide any details on how the algorithm works or what it is.

FCS's inability to provide a single construction of any claim term that "would materially impact

the analysis at step one (and/or at step two)" demonstrates that no construction supported by the

'581 patent's specification and claims can overcome their abstract nature, and the proffered

constructions therefore do not impact the § 101 analysis. *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65

F.4th 698, 704 (Fed. Cir. 2023) (holding that the party seeking the construction must provide a non-frivolous construction and articulate how it would materially impact the § 101 analysis).

FCS's broad and unsupported claim that "[m]eans-plus-function terms are inherently not abstract because they are confined to specific hardware and software structures disclosed in the specification," (Opp. 5) elevates form over substance and directly contradicts and ignores opinions from the Eastern District of Texas and elsewhere. *See eDekka v. 3balls.com, Inc.*, No. 2:15-CV-541, 2015 WL 5579840, at *5 (E.D. Tex. 2015) (finding claims written in "means-plus function" format invalid under § 101 for the same reasons as method claims they tracked); *Voip-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 943 (N.D. Cal. 2019) ("The Federal Circuit has repeatedly emphasized that the format of the various method, system, and media claims does not change the patent eligibility analysis under § 101."). FCS's position has no basis in law, and the sole case it misleadingly cites for this proposition did not even relate to § 101 or the issue of abstractness. FCS also ignores that the '581 patent's specification identifies no specific hardware or software structures that were not well-known or conventional, and FCS identifies none. *See* Mot. 6–7. Mere use of means-plus-function language cannot save a claim from abstractness.

## II.   FCS'S EXPERT DECLARATION DOES NOT PRECLUDE DISMISSAL

Like its means-plus-function argument, FCS's Opposition also presents the expert declaration it attached to its complaint as a "get out of jail free card" that automatically defeats a motion to dismiss based on § 101. *See* Opp. 7–9. This is not the case. Allegations from an expert declaration (or pleaded in a complaint) that state legal standards or conclusions like "the claims capture subject matter that was previously unknown and inventive" should be disregarded on a motion to dismiss. *See, e.g.*, *Spellacy v. Wells Fargo Bank, N.A.*, 2021 WL 7285997, at *6 (C.D. Cal. 2021) ("The allegations only raise conclusory statements of law, which the court must disregard on a motion to dismiss."). Other courts have directly rejected FCS's gambit, which

3

attempts to circumvent the Federal Circuit's repeated recognition that § 101 presents a threshold inquiry that can be resolved on am motion to dismiss:  "accept[ing] such facts or legal conclusions (even in the form of an early expert declaration) would permit any plaintiff to circumvent the § 101 inquiry on an early motion to dismiss or motion for judgment on the pleadings simply by including a few lines attesting to the novelty of the invention."  *Appistry, Inc. v. Amazon.com, Inc.*, 195 F. Supp. 3d 1176, 1183, n.6 (W.D. Wash. 2016) (referring to plaintiff's position as "absurd").

FCS's reliance on the Goldberg declaration is a clear example of such conclusory allegations and attempts to avoid the § 101 inquiry with an improperly presented expert declaration.  Moreover, FCS's Opposition generally ignores each of the arguments presented in MVT's Motion about why the Goldberg declaration and the allegations copied-and-pasted from it into FCS's complaint do not preclude dismissal under § 101.

First, FCS does not even attempt to address the fact that the expert declaration should not be considered at this stage because the declaration is not a written instrument within the meaning of Federal Rule of Civil Procedure 10(c).  *See* Mot. 16.  It does not address any of the cases applying this Rule to similar patent infringement cases and presents no arguments or case law to the contrary.  *See id.* (citing *DKR Consulting, LLC v. Shopify, Inc.*, No. 2:23-CV-06904, 2024 WL 4005150, at *4 (C.D. Cal. Aug. 1, 2024); *Marble Voip Partners LLC v. Zoom Video Commc'n, Inc.*, No. 22-CV-2247, 2023 WL 3055323, at *3–4 (D. Kan. Apr. 24, 2023); *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 285–86 (5th Cir. 2006)).

Second, though FCS claims that the Goldberg declaration "is not filled with 'legal conclusions,' 'conclusory allegations,' and allegations that contradict the challenged patent," it does not squarely address any of the examples of legal conclusions and conclusory allegations pointed to in MVT's Motion, instead merely citing to the purported technical advancements

4

offered in the declaration, but failing to grapple with MVT's showing that the FAC contains many legal conclusions and conclusory allegations copied-and-pasted from the Goldberg declaration. *See* Mot. 17–18; Opp. 8–10.   Even more glaring, the FCS does not attempt to address the allegations identified by MVT that contradict the '581 patent. *See* Mot. 18–19.

FCS's reliance on the *GPS Insight* decision does not cure these problems.  The *GPS Insight* Court was not presented with the above arguments about allegations that contradict the patent and not considering the expert declaration at this stage and did not address any of the above arguments. For example, the opinion does not address the Rule 10(c) issue, the specific allegations that MVT has shown are conclusory, or any of the allegations in the expert declaration that contradict the '581 patent itself. *Cf.* Dkt. No. 22-2 at 9.  And critically, FCS ignores that *Fifth* Circuit precedent bars consideration of its expert declaration, whereas the *GPS Insights* decision relies only on *Ninth* Circuit authority that does not actually address the scenario at issue here.

The only law cited by the *GPS Insight* court in support of its assessment of the Goldberg declaration is a single Ninth Circuit case that stands for the basic proposition that a court can consider certain material incorporated by reference in the Complaint at the 12(b)(6) stage. *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  But *Ritchie* does not address whether an *expert declaration* can be incorporated by reference in a complaint and relied upon in a Rule 12 motion, and the *Ritchie* Court ultimately held that the materials at issue in that case should not be considered.  *Id.*   The Fifth Circuit is clear that it cannot: "opinions" and "conclusions" of an expert declaration cannot constitute a written instrument that can be considered on a motion to dismiss. *See Fin. Acquisition Partners,* 440 F.3d at 285–86 (the district court did not abuse its discretion in refusing to consider the opinions and conclusions of an expert affidavit).  This reasoning aligns with decisions of other Courts of Appeals holding that opinions

5

and witness affidavits are not "written instruments" under Rule 10(c) that become part of the pleadings. *See, e.g.*, *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) ("The affidavit proffered by Smith … is not a document that evidences legal rights or duties or sets forth the legal basis for his claims and therefore does not satisfy the definition of 'written instrument.'"); *Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989) ("We do not believe that an affidavit is a 'written instrument' as that term is used in Rule 10(c). To hold otherwise would again elevate form over substance by drawing a distinction between an affidavit filed with an answer and an affidavit filed with a motion to dismiss under Rule 12(b)(6)."). At least one district court has also noted that, "in nearly all cases, including this one, considering expert *opinions* at the pleading stage is inappropriate." *Bros. v. Saag*, No. 4:13-CV-466, 2014 WL 838890, at *6 (N.D. Ala. Mar. 4, 2014) (emphasis in original) (examining Fifth Circuit law). Thus, the Goldberg declaration should not be given any weight.

## III. THE '581 PATENT DOES NOT SOLVE TECHNICAL PROBLEMS WITH SPECIFIC TECHNICAL SOLUTIONS

FCS's Opposition confirms that the challenged claims are not directed to improving the functioning of a computer, but rather to using computers as a tool to perform tasks conventionally done by humans. According to FCS, the claims solve problems due to "human factor[s]," allow for less experienced personnel to maintain work quality, and permit individuals to be tracked more accurately. *E.g.*, Opp. 12, 12 n. 3 17. The Federal Circuit has repeatedly held that such claims are not patentable, and that the speed, accuracy, or efficiency gains from computerization do not convey patent eligibility. *See e.g.*, *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) ("mere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology."); *People.ai, Inc. v. Clari Inc.*, No. 2022-1364, 2023 WL 2820794, at *12 (Fed. Cir. Apr. 7, 2023) ("performance of a longstanding manual process on a generic computer may lead to laudable increases in efficiency or accuracy").

6

These types of "computer as a tool" claims present a stark difference from claims held patent eligible by the Federal Circuit: those rooted in computer technology to solve a problem uniquely arising in the computer realm, *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014), improve computer capabilities rather than invoking computers as a tool, *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016), or that invoke more than merely generic processes and machinery, *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016).  Here, the '581 patent's claims fail to satisfy these criteria.

## IV.    THE CLAIMS OF THE '581 PATENT ARE DIRECTED TO ABSTRACT IDEAS

FCS disputes MVT's characterization of the abstract idea, arguing instead that the '581 patent claims are directed to "management of mobile field assets . . . using wireless handheld devices."  Opp. 9; Mot. 5.  This idea is no less abstract than what is offered by MVT.  As a matter of law, restricting an abstract idea to a "handheld device" does not make the idea any less abstract. *Trinity*, 72 F.4th at 1367 ("Just as a claim is not rendered patent eligible by stating an abstract idea and instructing 'apply it on a computer,' a claim is not rendered patent eligible merely because the abstract idea is applied on a handheld device or using a mobile application.").  And FCS's articulation otherwise confirms that the claims are similarly directed to replacing a manual process with a computerized one—*e.g.*, managing field assets using a wireless device instead of pen and paper.  As MVT has shown, these claims do not improve the functioning of a computer, but rather a human process, and they cover an abstract idea.  *See Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019) (holding claim was directed to an abstract idea because it was "focused on improving the [human], not the functioning of the computer"); *see also, e.g.*, Mot. 6.

Contrary to FCS's arguments, the '581 patent claims and specification recite no "specific means to manage mobile field assets."  The claims—taking into account the specification for means-plus-function claims—are device agnostic.  They recite only generic computer components,

7

such as a processor, user interface, field assessment program, and synchronization means—performing generic computer functions in results-oriented language without explaining how the results are achieved. *E.g.*, Opp. 9–17 (reciting generic communications modules, handheld devices, and programs performing routine operations). This type of claim recites an "idea as a function or result," and indicates abstractness. *Power Analytics Corp. v. Operation Tech., Inc.* No. 16-CV-01955, 2017 WL 5468179, at *5 (C.D. Cal. July 13, 2017) (citing *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016)); *see also Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1360, 1356–57 (Fed. Cir. 2024) (rejecting claims with "result-focused functional language, containing no specificity about how the purported invention achieves those results"). Thus, the claims of the '581 patent are drawn to an abstract idea.

## V.     THE CLAIMS OF THE '581 PATENT LACK AN INVENTIVE CONCEPT

FCS's step two argument relies primarily on the notion that the claims were "unknown in the art" at the time of the priority date of the '581 patent. Opp. 2. But even if this were true, it is irrelevant: "novel[ty]…does not avoid the problem of abstractness." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1364 (Fed. Cir. 2020).

The '581 patent also fails step two because the claims lack any detail as to *how* the claimed functions are accomplished. *Elec. Power*, 830 F.3d at 1355 (at *Alice* step two, the § 101 "[i]nquiry . . . must turn to any requirements for how the desired result is achieved."). FCS's attempts to distinguish *Two-Way Media* and *In re Killian* fall flat. It merely notes that *Two-Way Media* did not involve claims with means-plus-function limitations and makes the conclusory argument that the claims of the '581 patent "accomplish something tangible in the computer world," in contrast with the claims in *In re Killian*. Opp. 16–17. But like the claims in those cases, the '581 patent claims and specification recite only generic hardware and software components like a processor, user interface, and field assessment program. *E.g.*, Opp. 11. These "generic computer

8

components" do not make the claims any less abstract. *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1343 (Fed. Cir. 2013) (finding "a CPU, ROM, RAM, I/O Adapter, Communication Adapter, Display Adapter, and a User Interface Adapter" were all generic computer components "present in any general purpose computer"). There are no new structures and no explanation of how the claimed results are achieved—much less how they are anything but generic, conventional components. *Two-Way Media*, 874 F.3d at 1337, 1339 (invalidating claim that "uses a conventional ordering of steps . . . with conventional technology to achieve its desired result" and "does not sufficiently describe how to achieve these results in a non-abstract way."). And like the claims in *In re Killian*, the claims of the '581 patent "do no more than instruct the practitioner to perform the abstract steps of gathering information," analyzing that information, and communicating the results. 45 F.4th 1373, 1380 (Fed. Cir. 2022).

Even if the '581 patent provided a specific "means to manage mobile field assets" that allowed lesser experienced personnel to maintain work quality, through the help of a computer, that does not make an abstract claim patent-eligible. *See OIP Techs. Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) ("relying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible"). FCS's other arguments at *Alice* step two improperly rely on conclusory and legal allegations about whether certain components and technologies were considered conventional, routine, or generic to skilled artisans, as discussed above. *See supra* § II; *Bluebonnet Internet Media Services, LLC v. Pandora Media, LLC*, 2024 WL 1338940 (Fed. Cir. 2024) (allegations "that are conclusory, state legal conclusions, or contradict the patent itself," do not create disputes of fact). Thus, the claims of the '581 patent also fail at *Alice* step two and lack any inventive concept.

## VI.    FCS FAILS TO MEET ITS BURDEN ON REPRESENTATIVENESS

MVT's Motion justified its identification of a representative claim with a reasoned analysis, shifting the burden to FCS to prove non-representativeness. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024) (holding that after the patent challenger makes a prima facie showing of representativeness, "the burden shifts to the patent owner to present non-frivolous arguments as to why the eligibility of the identified representative claim cannot fairly be treated as decisive of the eligibility of all claims in the group."). FCS fails to carry this burden, as it has not "present[ed] any meaningful argument for the distinctive significance of any claim limitations other than those included in [the proposed representative claim]." *Elec. Power*, 830 F.3d at 1352.

MVT treated claim 18 as representative of the claims. FCS had the burden to establish any distinctive significance of any claim limitations not included in the representative claim. *See id.* FCS's Opposition spends pages reproducing limitations in other claims of the challenged patents but performs no analysis to meet its burden to meaningfully distinguish them. That dependent claims have additional limitations is true, but FCS does not address why claim 18 is not representative, nor how any limitations in the dependent claims meaningfully impact the § 101 analysis. *E.g.* Opp. 11. None of those limitations "a an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1215 (Fed. Cir. 2025) (internal quotations omitted). Accordingly, this Court may treat claim 18 as representative.

## VII.    CONCLUSION

For the foregoing reasons, MVT respectfully requests that the Court grant its Motion.

10

Date: October 3, 2025                                  Respectfully submitted,

                                                      */s/ Tim Rawson*
                                                      Tim Rawson (TX 24139695)
                                                      rawson@fr.com
                                                      FISH & RICHARDSON P.C.
                                                      1717 Main St. Ste. 5000
                                                      Dallas, TX 75201
                                                      Tel: 214-747-5070 / Fax: 214-747-2091

                                                      ***Attorney for Defendant MVT Services, LLC***
                                                      ***d/b/a Mesilla Valley Transportation***

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed and received by all

counsel of record using the Court's CM/ECF system on October 3, 2025.

*/s/ Tim Rawson*
Tim Rawson
